William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiff*
*Shionogi Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHIONOGI INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>SANDOZ INC.,<br><br>          Defendant. | Civil Action No. 26-7063 _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Shionogi Inc. ("Shionogi" or "Plaintiff"), by its undersigned attorneys, brings this action for patent infringement against Defendant Sandoz Inc. ("Sandoz" or "Defendant"), and hereby alleges, on knowledge as to its own actions, and on information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is an action for infringement by Defendant, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, of Shionogi's United States Patent Nos. 12,478,611 ("the '611 patent"), 12,527,769 ("the '769 patent"), and 12,569,469 ("the '469 patent") (the "Patents-in-Suit"), under the United States Patent Laws, 35 U.S.C. §§ 100 *et seq.*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, and as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2.      This action arises from Defendant's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 220086, seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its pharmaceutical products before the expiration of the Patents-in-Suit, which is listed in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, (the FDA's "Orange Book") for RADICAVA ORS®.

3.      There are several related patent infringement actions, involving the same drug RADICAVA ORS® and certain of the same patents, pending in this District. *See In re Radicava ORS*, Case No. 2:25-cv-03326 (D.N.J.) (filed Apr. 25, 2025); *Tanabe Pharma Corp. v. Sandoz Inc.*, Case No. 2:25-cv-16664 (D.N.J) (filed Oct. 15, 2025); *Tanabe Pharma Corp. v. Cipla USA, Inc., et al.*, Case No. 2:25-cv-16677 (D.N.J.) (filed Oct. 16, 2025); *Tanabe Pharma Corp. v. Apotex Inc., et al.*, Case No. 2:25-cv-16679 (D.N.J.) (filed Oct. 16, 2025); *Tanabe Pharma Corp. v. Lupin Ltd., et al.*, Case No. 2:25-cv-16680 (D.N.J.) (filed Oct. 16, 2025); *Mitsubishi Tanabe Pharma Corp. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Case No. 2:25-cv-18032 (D.N.J.) (filed Nov. 29, 2025); *Tanabe Pharma Corp. v. Azurity Pharmaceuticals, Inc. et al.*, Case No. 2:26-cv-00559 (D.N.J.) (filed Jan. 16, 2026); *Tanabe Pharma Corp. v. Cipla USA, Inc.*, *et al.*, Case No. 2:26-cv-01734 (D.N.J.) (filed Feb. 20, 2025); *Shionogi Inc. v. Lupin Ltd., et al.*, Case No. 2:26-cv-03893 (D.N.J.) (filed Apr. 13, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Case No. 2:26-cv-06218 (D.N.J.) (filed May 28, 2026); *Shionogi Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Case No. 2:26-cv-06619 (D.N.J.) (filed June 5, 2026).

4.      As publicly announced on December 22, 2025, Shionogi entered into an agreement to acquire the global RADICAVA ORS® business from Tanabe Pharma Corporation ("TPC") (formerly known as Mitsubishi Tanabe Pharma Corporation ("MTPC")). As of April 1, 2026, Shionogi acquired ownership and control of the RADICAVA ORS® assets in the United States, including the NDA for RADICAVA ORS® and its Orange Book-listed patents.

5.      Pursuant to this transfer of ownership, TPC intends to file motions pursuant to Federal Rule of Civil Procedure 25(c) to address the transfer of interest and to substitute Shionogi as the appropriate Plaintiff.

**AMYOTROPHIC LATERAL SCLEROSIS**

6.      Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease, is a devastating and fatal neurodegenerative disease that causes motor neurons – nerve cells in the brain and spinal cord – to progressively decay and die. When this happens, the brain's ability to control muscle movement is progressively lost as the patient loses the ability to speak, eat, move and eventually breathe. The underlying causes of ALS are not known. Once diagnosed with ALS patients, on average, die within 3 to 5 years from when symptoms first appear, although their quality of life deteriorates substantially throughout their few remaining years. However, in patients diagnosed much later, the survival window is even shorter – often within months.  There is no cure for ALS.[1]

7.      The care of an ALS patient is burdensome, requiring a team of medical professionals, specialized equipment, and constant attention of a caregiver. Caregivers are often relatives who have forgone their occupations in order to care for the daily activities of the ALS patient. The demands of caregiving for an ALS patient take a toll on the health and finances of their caregivers as well. Of the neurodegenerative diseases, ALS is considered one of the most expensive and burdensome, imposing significant direct and indirect costs on the ALS patient, the caregivers, medical professionals, and the healthcare industry.

8.      Since 1980, although over one hundred (100+) clinical trials with various compounds have been conducted and published, only four active pharmaceutical ingredients ("APIs") have been approved by the FDA for the treatment of ALS. RELYVRIO®, a drug using

---

[1] Information in this paragraph is sourced from www.als.org and the National Institute of Health's "Amyotrophic Lateral Sclerosis fact sheet" (January 2017), available from https://www.ninds.nih.gov/sites/default/files/migrate-documents/ALS_FactSheet-E_508C.pdf and downloaded on September 28, 2025.

one of those APIs, was subsequently withdrawn from the market due to a failed clinical study. RADICAVA ORS® is one of the few drug formulations containing one of the remaining three approved APIs for the treatment of ALS.

## RADICAVA ORS®

9. Shionogi is the owner of NDA No. 215446. Through its approval of NDA No. 215446 on May 12, 2022, the FDA granted approval of the first oral suspension formulation containing the edaravone API at a dose concentration of 105 mg/mL, available in the United States and marketed and sold under the trade name RADICAVA ORS®.

10. TPC, the prior owner of the RADICAVA ORS® business and assets and developer of RADICAVA ORS®, invested hundreds of millions of dollars in research and development demonstrating the efficacy and safety of RADICAVA ORS® for the treatment for ALS.

11. Although there is no cure for ALS, RADICAVA ORS® helps slow the progression (*i.e.*, loss of physical function) of the disease in ALS patients by approximately thirty-three percent (33%) as compared to a placebo over the same six-month period. Unlike the prior RADICAVA® intravenous ("IV") formulation, RADICAVA ORS® can be administered by the patient or caregivers at the convenience of a home setting, either orally or via a feeding tube, and in only a few minutes. There is no need to transport the patient to a healthcare facility for IV injection of RADICAVA®.

12. On March 28, 2024, the FDA granted seven years of Orphan Drug Exclusivity for RADICAVA ORS® for the treatment of ALS based upon the FDA's assessment that RADICAVA ORS® constitutes a major contribution to patient care for people living with ALS because it provides patients with the clinically superior option of an oral suspension route of

administration, reducing the burden patients faced with IV administration of the previously approved RADICAVA® formulation.

13.     Pursuant to 21 U.S.C. § 360cc(a)(2) relating to Orphan Drug Exclusivity, the FDA may not approve another application "for the same drug for the same disease or condition for a person who is not the holder of such approved application or of such license until the expiration of seven years from the date of the approval of the approved application or the issuance of the license."

14.     The Orphan Drug Exclusivity for RADICAVA ORS® expires on May 12, 2029.

15.     The Patents-in-Suit are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 215446 for RADICAVA ORS®.

## THE PARTIES

16.     Shionogi is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 400 Campus Drive, Florham Park, New Jersey 07932.

17.     On information and belief, Sandoz is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 100 College Road West, Princeton, New Jersey 08540.

18.     On information and belief, Sandoz is the holder of ANDA No. 220086, seeking FDA approval to market a generic copy of RADICAVA ORS®.

19.     On information and belief, Sandoz is in the business of, *inter alia*, directly or indirectly, developing, manufacturing, marketing, distributing, selling, offering for sale, and/or importing generic versions of branded pharmaceutical products throughout the world, including the United States and the State of New Jersey.

6

20.     On information and belief, Sandoz caused Sandoz's ANDA No. 220086 to be submitted to FDA from this district, and seeks FDA approval of Sandoz's ANDA to market a generic copy of RADICAVA ORS®.

21.     On information and belief, after obtaining FDA approval of Sandoz's ANDA No. 220086, Sandoz will act to distribute, offer to sell, and sell the proposed infringing products described in Sandoz's ANDA No. 220086 throughout the United States, including the State of New Jersey, consistent with their earlier actions with respect to other generic versions of branded pharmaceutical products.

## JURISDICTION AND VENUE

22.     Shionogi restates, realleges, and incorporates by reference paragraphs 1–21 as if fully set forth herein.

23.     This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.

24.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

25.     This Court may exercise jurisdiction over Sandoz because, on information and belief, Sandoz is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Sandoz directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Sandoz purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Sandoz's generic products.

26.    On information and belief, as described in Sandoz's notification of ANDA No. 220086 and the certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), dated April 30, 2026 ("Sandoz's Notice Letter"), Sandoz caused ANDA No. 220086 to be submitted to the FDA to seek FDA approval of ANDA No. 220086 prior to the expiration of the Patents-in-Suit listed in the Orange Book for RADICAVA ORS®.

27.    This Court also has personal jurisdiction over Sandoz because Sandoz has committed, aided, abetted and participated and/or will commit, will aid, will abet and/or will participate in the commission of acts of patent infringement, including acts in this judicial district, which have led to foreseeable harm and injury to Shionogi in this judicial district.

28.    Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Sandoz for reasons stated above and, inter alia, on information and belief, because Sandoz has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey.

## THE PATENTS-IN-SUIT

29.    Shionogi owns the '611 patent, which was duly and legally issued on November 25, 2025, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '611 patent is attached as Exhibit A.

30.    Shionogi owns the '769 patent, which was duly and legally issued on January 20, 2026, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '769 patent is attached as Exhibit B.

31.    Shionogi owns the '469 patent, which was duly and legally issued on March 10, 2026, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '469 patent is attached as Exhibit C.

## DEFENDANT'S ANDA

32. On information and belief, Sandoz submitted to the FDA, and continues to maintain, its abbreviated ANDA No. 220086 relying upon the RADICAVA ORS® data for FDA approval.

33. On information and belief, Sandoz seeks approval of ANDA No. 220086 for a proposed edaravone suspension, administered at a dose concentration of 105 mg/5 mL.

34. On information and belief, ANDA No. 220086 identifies RADICAVA ORS® as the reference listed drug ("RLD").

35. On information and belief, Sandoz seeks FDA approval of ANDA No. 220086 to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its proposed edaravone suspension as a proposed generic copy of RADICAVA ORS®.

36. On information and belief, the FDA has not approved ANDA No. 220086.

37. On information and belief, Sandoz sent Shionogi a letter ("Sandoz's Notice Letter"), purporting to include "Confidential Detailed Factual and Legal Bases for Sandoz's Paragraph IV Certification that U.S. Patent Nos. 12,478,611; 12,527,769; and 12,569,469 Are Invalid, Unenforceable, and/or Will Not Be Infringed." Sandoz's Notice Letter stated that Sandoz had filed ANDA No. 220086, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's generic products before the expiration of the Patents-in-Suit.

## CLAIMS FOR RELIEF

## COUNT 1: INFRINGEMENT OF THE '611 PATENT

38.     Shionogi restates, realleges, and incorporates by reference paragraphs 1–37 as if fully set forth herein.

39.     On information and belief, Sandoz submitted and/or caused the submission of ANDA No. 220086 to the FDA, seeking approval of Sandoz's proposed edaravone product in the United States prior to the expiration of the '611 patent.

40.     On information and belief, Sandoz's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '611 patent, including at least Independent Claim 1 of the '611 patent.  For example, on information and belief, differences, if any, between the features of Sandoz's proposed edaravone product and the claims of the '611 patent are insubstantial, and Sandoz's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the '611 patent.

41.     On information and belief, Sandoz has infringed one or more claims of the '611 patent, including at least Independent Claim 1, by actively inducing infringement pursuant to 35 U.S.C. § 271(b), because Sandoz's proposed labeling instructs, encourages, and/or promotes the administration by physicians, patients, and/or healthcare providers of an edaravone oral suspension in accordance with the claimed methods of at least Independent Claim 1 of the '611 patent, thereby inducing infringement.

42.     Sandoz has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '611 patent by submitting ANDA No. 220086

10

with Sandoz's Notice Letter, seeking approval of Sandoz's proposed edaravone product prior to the expiration of the '611 patent listed in the FDA Orange Book.

43.    On information and belief, Sandoz intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Sandoz's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220086.

44.    On information and belief, the importation, manufacture, offer to sell, sale, or use of Sandoz's proposed edaravone product in the United States prior to the expiration of the '611 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '611 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

45.    Upon information and belief, Sandoz was aware of the '611 patent prior to amending ANDA No. 220086 to add § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent.  Upon information and belief, Sandoz's proposed edaravone product and method of using Sandoz's proposed edaravone product will induce others – e.g., doctors, pharmacists, healthcare providers, and patients, according to the proposed package insert – to infringe the '611 patent and Sandoz possesses the specific intent to induce and encourage others to infringe that patent. On information and belief, Sandoz amended ANDA No. 220086 to add § 505(j)(2)(A)(vii)(IV) allegations despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Sandoz or so obvious that it should have been known.

46.    Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220086 be a date that is not earlier than the expiration date of the '611 patent or the later expiration of any patent term extension and/or patent

11

term adjustment and any additional periods of exclusivity for the '611 patent to which Shionogi is or becomes entitled.

47.    Shionogi is entitled to a declaration that, if Sandoz commercially manufactures, uses, offers for sale, or sells Sandoz's proposed edaravone product within the United States, or imports Sandoz's proposed edaravone product into the United States, or induces or contributes to such activities, Sandoz will infringe one or more claims of the '611 patent under 35 U.S.C. §§ 271(a), (b) and (c).

48.    Shionogi will be irreparably harmed if Sandoz is not enjoined from Sandoz's activities infringing the '611 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

**COUNT 2: INFRINGEMENT OF THE '769 PATENT**

49.    Shionogi restates, realleges, and incorporates by reference paragraphs 1–48 as if fully set forth herein.

50.    On information and belief, Sandoz submitted and/or caused the submission of ANDA No. 220086 to the FDA, seeking approval of Sandoz's proposed edaravone product in the United States prior to the expiration of the '769 patent.

51.    On information and belief, Sandoz's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '769 patent, including at least Independent Claim 1 of the '769 patent.  For example, on information and belief, differences, if any, between the features of Sandoz's proposed edaravone product and the claims of the '769 patent are insubstantial, and Sandoz's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the '769 patent.

52.    On information and belief, Sandoz has infringed one or more claims of the '769 patent, including at least Independent Claim 1, by actively inducing infringement pursuant to 35 U.S.C. § 271(b), because Sandoz's proposed labeling instructs, encourages, and/or promotes the administration by physicians, patients, and/or healthcare providers of an edaravone oral suspension in accordance with the claimed methods of at least Independent Claim 1 of the '769 patent, thereby inducing infringement.

53.    Sandoz has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '769 patent by submitting ANDA No. 220086 with Sandoz's Notice Letter, seeking approval of Sandoz's proposed edaravone product prior to the expiration of the '769 patent listed in the FDA Orange Book.

54.    On information and belief, Sandoz intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Sandoz's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220086.

55.    On information and belief, the importation, manufacture, offer to sell, sale, or use of Sandoz's proposed edaravone product in the United States prior to the expiration of the '769 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '769 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

56.    Upon information and belief, Sandoz was aware of the '769 patent prior to amending ANDA No. 220086 to add § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent. Upon information and belief, Sandoz's proposed edaravone product and method of using Sandoz's proposed edaravone product will induce others – e.g., doctors, pharmacists, healthcare providers, and patients, according to the proposed package insert – to infringe the '769 patent and

13

Sandoz possesses the specific intent to induce and encourage others to infringe that patent. On information and belief, Sandoz amended ANDA No. 220086 to add § 505(j)(2)(A)(vii)(IV) allegations despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Sandoz or so obvious that it should have been known.

57.    Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220086 be a date that is not earlier than the expiration date of the '769 patent or the later expiration of any patent term extension and/or patent term adjustment and any additional periods of exclusivity for the '769 patent to which Shionogi is or becomes entitled.

58.    Shionogi is entitled to a declaration that, if Sandoz commercially manufactures, uses, offers for sale, or sells Sandoz's proposed edaravone product within the United States, or imports Sandoz's proposed edaravone product into the United States, or induces or contributes to such activities, Sandoz will infringe one or more claims of the '769 patent under 35 U.S.C. §§ 271(a), (b) and (c).

59.    Shionogi will be irreparably harmed if Sandoz is not enjoined from Sandoz's activities infringing the '769 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

## COUNT 3: INFRINGEMENT OF THE '469 PATENT

60.    Shionogi restates, realleges, and incorporates by reference paragraphs 1–59 as if fully set forth herein.

61.    On information and belief, Sandoz submitted and/or caused the submission of ANDA No. 220086 to the FDA, seeking approval of Sandoz's proposed edaravone product in the United States prior to the expiration of the '469 patent.

62.    On information and belief, Sandoz's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '469 patent, including at least Independent Claim 1 of the '469 patent.  For example, on information and belief, differences, if any, between the features of Sandoz's proposed edaravone product and the claims of the '469 patent are insubstantial, and Sandoz's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the '469 patent.

63.    On information and belief, Sandoz has infringed one or more claims of the '469 patent, including at least Independent Claim 1, by actively inducing infringement pursuant to 35 U.S.C. § 271(b), because Sandoz's proposed labeling instructs, encourages, and/or promotes the administration by physicians, patients, and/or healthcare providers of an edaravone oral suspension in accordance with the claimed methods of at least Independent Claim 1 of the '469 patent, thereby inducing infringement.

64.    Sandoz has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '469 patent by submitting ANDA No. 220086 with Sandoz's Notice Letter, seeking approval of Sandoz's proposed edaravone product prior to the expiration of the '469 patent listed in the FDA Orange Book.

15

65. On information and belief, Sandoz intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Sandoz's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220086.

66. On information and belief, the importation, manufacture, offer to sell, sale, or use of Sandoz's proposed edaravone product in the United States prior to the expiration of the '469 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '469 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

67. Upon information and belief, Sandoz was aware of the '469 patent prior to amending ANDA No. 220086 to add § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent. Upon information and belief, Sandoz's proposed edaravone product and method of using Sandoz's proposed edaravone product will induce others – e.g., doctors, pharmacists, healthcare providers, and patients, according to the proposed package insert – to infringe the '469 patent and Sandoz possesses the specific intent to induce and encourage others to infringe that patent. On information and belief, Sandoz amended ANDA No. 220086 to add § 505(j)(2)(A)(vii)(IV) allegations despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Sandoz or so obvious that it should have been known.

68. Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220086 be a date that is not earlier than the expiration date of the '469 patent or the later expiration of any patent term extension and/or patent term adjustment and any additional periods of exclusivity for the '469 patent to which Shionogi is or becomes entitled.

16

69. Shionogi is entitled to a declaration that, if Sandoz commercially manufactures, uses, offers for sale, or sells Sandoz's proposed edaravone product within the United States, or imports Sandoz's proposed edaravone product into the United States, or induces or contributes to such activities, Sandoz will infringe one or more claims of the '469 patent under 35 U.S.C. §§ 271(a), (b) and (c).

70. Shionogi will be irreparably harmed if Sandoz is not enjoined from Sandoz's activities infringing the '469 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

## PRAYER FOR RELIEF

**WHEREFORE,** Shionogi respectfully requests the following relief:

A. A judgment that Defendant has infringed the Patents-in-Suit pursuant to 35 U.S.C. § 271(e)(2) by submitting ANDA No. 220086 to the FDA seeking approval of Defendant's proposed edaravone product prior to the expiration of one or more claims of the Patents-in-Suit;

B. A judgment that the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States, of Defendant's proposed edaravone product described in ANDA No. 220086 will infringe, induce, and/or contribute to the infringement of one or more claims of the Patents-in-Suit;

C. An order issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 220086 be a date not earlier than the expiration date of the Patents-in-Suit, including any patent term extensions and/or patent term adjustments and any additional periods of exclusivity to which Shionogi is or becomes entitled;

D. An order preliminarily and permanently restraining and enjoining Defendant, Defendant's directors, officers, agents, attorneys, affiliates, divisions, successors, and employees,

17

and those acting in privity or concert with Defendant, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product, or the use thereof, claimed in the Patents-in-Suit, before the expiration date of the Patents-in-Suit, including any patent term extension and/or patent term adjustment and any periods of exclusivity, including Orphan Drug Exclusivity, to which Shionogi is or becomes entitled;

E.      A declaration that this is an exceptional case and an award to Shionogi of its reasonable expenses, including attorneys' fees pursuant to 35 U.S.C. § 285;

F.      An award to Shionogi of costs incurred in this action; and

G.      Such other and further relief as the Court may deem just and proper.

Dated: June 11, 2026           s/ William P. Deni, Jr._____
      Newark, New Jersey        William P. Deni, Jr.
                                   J. Brugh Lower
                                   Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

Bryan C. Diner
John D. Livingstone (*pro hac vice to be submitted*)
Kassandra M. Officer (*pro hac vice to be submitted*)
Kenneth S. Guerra (*pro hac vice to be submitted*)
Li Zhang (*pro hac vice to be submitted*)
Alexander E. Newkirk (*pro hac vice to be submitted*)
Shivani Karthikeyan (*pro hac vice to be submitted*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Chiaki Kobayashi (*pro hac vice to be submitted*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome
Minato-ku, Tokyo, JAPAN 105-6033
+813-3431-6943

*Attorneys for Plaintiff*
*Shionogi Inc.*

19